IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTIAN L. JENNINGS, et al., § | |
| § | |
| Plaintiffs-counterdefendants, § | |
| § | Civil Action No. 3:24-CV-3046-D |
| VS. § | |
| § | |
| VANDERGRIFF HONDA, § | |
| § | |
| Defendant-counterplaintiff. § | |

MEMORANDUM OPINION
AND ORDER

In this case in which plaintiff-counterdefendant Christian L. Jennings ("Jennings") seeks to vacate an arbitration award ("Award") and defendant-counterplaintiff Vandergriff Honda ("Vandergriff") counterclaims in the alternative to confirm the award, Vandergriff moves to dismiss on the basis of *Colorado River*[1] abstention, and Jennings moves to dismiss Vandergriff's counterclaim and for leave to amend. For the reasons that follow, the court raises *sua sponte* that it lacks subject matter jurisdiction and grants Vandergriff's motion to dismiss under Fed. R. Civ. P. 12(b)(1), denies Jennings' motion to dismiss Vandergriff's alternative counterclaim, and grants Jennings' motion for leave to amend.

I

In August 2023 Jennings purchased a 2023 Honda Civic from Vandergriff, an automobile dealership located in Arlington, Texas. She alleges that, in connection with the purchase, Vandergriff violated various state and federal laws.

---

[1] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

On January 18, 2024 Jennings filed a demand for arbitration with the American Arbitration Association ("AAA"). AAA appointed an arbitrator who conducted preliminary proceedings and, on August 27, 2024, held a final evidentiary hearing. On September 5, 2024 the arbitrator issued the Award, which denied Jennings' claims.

Vandergriff then filed in Texas state court a petition to confirm the Award. Before Jennings was served in the state court lawsuit, however, she filed in this court a petition and motion to vacate the Award. Her petition alleges that the Award was obtained by corruption, fraud, or other undue means; the arbitrator acted with evident partiality; the arbitrator engaged in misconduct or willful misbehavior; the arbitrator refused to hear evidence that was material to Jennings' claims during and before the final evidentiary hearing; and the arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made.

Vandergriff asserts an alternative counterclaim seeking to have the Award confirmed if the court does not dismiss this case and allow the matter to be handled by the state court.

Vandergriff moves to dismiss the instant federal-court suit based on the abstention principles set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). Jennings opposes the motion. She separately moves to dismiss Vandergriff's alternative counterclaim and for leave to amend her petition and motion to vacate. The court is deciding the motions on the briefs, without oral argument.

II

The court raises *sua sponte* that it lacks subject matter jurisdiction in this case.[2]

A

The Federal Arbitration Act ("FAA") "authorizes parties to arbitration agreements to file specified actions in federal court," including, as is the case here, "applications to . . . vacate . . . arbitral awards." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). This authorization alone, however, is "not an independent source of jurisdiction." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001). "[A]n applicant seeking . . . to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Badgerow*, 596 U.S. at 8 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). If the applicant "cannot, the action belongs in state court." *Id.* Indeed, "state courts have a prominent role to play as enforcers of agreements to arbitrate." *Vaden*, 556 U.S. at 59; *see also Badgerow*, 596 U.S. at 18 ("'[E]nforcement of the Act,' we have understood, 'is left in large part to the state courts.'" (alteration in original) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32)).

Prior to the Supreme Court's decision in *Badgerow*, district courts would often "look through" a motion to confirm or vacate an arbitration award to the underlying arbitration proceeding to establish jurisdiction. *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*,

---

[2] "[T]he court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). The court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

105 F.4th 749, 753 (5th Cir. 2024). "That changed after *Badgerow*, which concluded that the 'look through' approach does not apply to applications to modify, confirm, or vacate arbitral awards." *Id*. (citing *Badgerow*, 596 U.S. at 5-6). Instead, "a court may look only to the application *actually submitted to it* in assessing its jurisdiction." *Badgerow*, 596 U.S. at 5 (emphasis added). As the *Badgerow* Court explained:

> If [the vacatur application] shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction. Or if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction.

*Id*. at 9. Applying this standard to the vacatur application at issue in *Badgerow*, the Supreme Court concluded that the district court lacked subject matter jurisdiction, notwithstanding the existence of "a federal-law claim satisfying § 1331" in the underlying arbitration. *Id*. This is because, to establish jurisdiction based on the federal-law claim, the district court "had to proceed downward to Badgerow's employment action." *Id*. "Stated differently, it could find an independent basis for jurisdiction only by looking through the vacatur application." *Ascention Data & Analytics*, 105 F.4th at 753.

B

In her petition to vacate, Jennings alleges that this court has jurisdiction under 9 U.S.C. § 10 "as well as 28 U.S.C. § 1331 in which is a federal question jurisdictional statute that gives federal district courts the authority to hear civil actions that arise under: The Constitution, Laws, and Treaties of the United States." Pet. to Vacate (ECF No. 3) at 3. The

court disagrees. In the petition itself, Jennings alleges only the following "claims":

> (1) The award was obtained by corruption, fraud, or other undue means[;] (2) The rights of the claimant and or plaintiff were prejudiced by (3) An evident partiality by Arbitrator Carroll appointed as a neutral arbitrator; (4) Misconduct and or wilful misbehavior of Arbitrator Carroll[;] (5) Arbitrator Carroll also refused to hear evidence in which was material to the claimants claims at and before the final evidentiary hearing occurring on 8/27/24[;] (6) Arbitrator Carroll so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. at 1. All of these claims derive directly from § 10 of the FAA and therefore cannot establish an independent basis for jurisdiction under *Badgerow*. *See Wheatfall v. HEB Grocery Co.*, 2025 WL 1703637, at *2 (5th Cir. Jun. 18, 2025) (per curiam). Jennings has not alleged any other claim that would provide an independent basis for federal question jurisdiction.

Because Jennings' petition does not raise a federal question on its face, the court holds that it lacks subject matter jurisdiction, and, accordingly, grants Vandergriff's motion to dismiss.[3]

### III

The court now turns to Jennings' motion to dismiss Vandergriff's alternative counterclaim.

It is unclear whether Jennings intends this pleading to be a response to Vandergriff's

---

[3]Because the court has raised *sua sponte* that it lacks subject matter jurisdiction, it does not address the grounds for dismissal that Vandergriff presents in its motion.

motion to dismiss or a motion to dismiss Vandergriff's' alternative counterclaim. *See*, *e.g.*, Ps. Objs. (ECF No. 15) at 1 ("Plaintiff respectfully moves this court to deny the defendant's motion to dismiss as well as their counterclaim and issue an award to include punitive damages."). But assuming, without deciding, that Jennings intends for this pleading to be a motion, the court denies it. For the reasons stated in this memorandum opinion and order, the court lacks subject matter jurisdiction to grant Jennings or Vandergriff relief; it must dismiss the case without prejudice as to Vandergriff on that basis, not on the grounds on which Jennings relies in her motion to dismiss.

IV

The court ordered the other plaintiff-counterdefendant, Express Cat Claims LLC ("Express Cat"), to obtain counsel no later than February 24, 2025. Because Express Cat has not done so, its petition is dismissed without prejudice. When Jennings files her first amended petition, as permitted below, she cannot include Express Cat as a plaintiff or petitioner.

V

Finally, the court turns to Jennings' motion for leave to amend.

Although the court is dismissing Jennings' petition, it will permit her to replead. *See, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will

avoid dismissal). As a *pro se* plaintiff, Jennings should be given a fair opportunity to establish this court's jurisdiction and to plead her best case. *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*."). And allowing Jennings to amend will ensure that the court's dismissal *sua sponte*, if it later adheres to today's decision, is fair.

\* \* \*

For the reasons explained, the court grants Vandergriff's motion to dismiss, denies Jennings' motion to dismiss, and grants Jennings leave to amend. Jennings must file her first amended petition within 28 days of the date this memorandum opinion and order is filed. If Jennings fails to replead, the court will dismiss this action without prejudice for lack of subject matter jurisdiction and, in turn, dismiss Vandergriff's alternative counterclaim without prejudice as moot.

**SO ORDERED**.

June 25, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE