IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN L. JENNINGS, | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:24-CV-3046-D |
| VS. | § | |
| | § | |
| VANDERGRIFF HONDA, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff-counterdefendant Christian L. Jennings ("Jennings") seeking to vacate an arbitration award ("Award"), defendant-counterplaintiff Vandergriff Honda ("Vandergriff") moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and counterclaims in the alternative to confirm the Award. For the reasons that follow, the court grants Vandergriff's motion to dismiss and dismisses Jennings' action without prejudice, dismisses Vandergriff's counterclaim without prejudice as moot, denies Jennings' request for leave to amend, and enters judgment in favor of Vandergriff.[1]

I

The relevant background facts and procedural history of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for the purposes

---

[1]Jennings filed on August 8, 2025 a motion for leave to file a surreply. The court denies the motion as moot because the court's resolution of Vandergriff's motion to dismiss does not turn on the arguments that Jennings seeks to respond to in a surreply. *See Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2024 WL 1837960, at *2 n.3 (N.D. Tex. Apr. 26, 2024) (Fitzwater, J.).

of deciding Vandergriff's motion. *See Jennings v. Vandergriff Honda* ("*Jennings I*"), 2025 WL 1755671, at *1 (N.D. Tex. June 25, 2025) (Fitzwater, J.).

After the court dismissed Jennings' petition to vacate the Award and granted her leave to amend, *id.* at *3, Jennings filed the instant amended petition. She alleges that the Award was obtained by corruption, fraud, or other undue means; the arbitrator acted with evident partiality; the arbitrator engaged in misconduct or willful misbehavior; the arbitrator refused to hear evidence that was material to Jennings' claims; the arbitrator exceeded his powers; and a mutual and final award was not made. Jennings' amended petition also cites various provisions of federal law that she alleges provide this court with federal question jurisdiction.

Vandergriff now moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Jennings opposes the motion, which the court is deciding on the briefs, without oral argument.[2]

II

*Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015)

---

[2]The court recognizes that both parties have filed notices regarding a related state court proceeding. The parties have not filed a motion, however, related to either notice.

(Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

    "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir.1994)). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). If the party merely files its Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id.* If the allegations are sufficient to allege jurisdiction, the court must deny the motion. *Id.* This is akin to a Rule 12(b)(6) motion in that the "pleading's allegations are presumed to be true, and '[i]f those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit.'" *Id.* (quoting *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, 2012 WL 3599486, at *4 (S.D. Tex. Aug. 20, 2012)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted).

III

Vandergriff maintains that Jennings' amended petition does not identify an independent source of jurisdiction because the federal statutes she now cites are "the same statutes that Plaintiff cited in her original pleading as being the basis for the claims she presented in the arbitration." D. Br. (ECF No. 29) at 6. Jennings responds that the federal law she cites in her amended petition is sufficient to invoke this court's federal question jurisdiction.

A

The Federal Arbitration Act ("FAA") "authorizes parties to arbitration agreements to file specified actions in federal court," including, as is the case here, "applications to . . . vacate . . . arbitral awards." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). This authorization alone, however, is "not an independent source of jurisdiction." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001). "[A]n applicant seeking . . . to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Badgerow*, 596 U.S. at 8 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). In determining whether an "independent jurisdictional basis" exists, federal courts may not "look through" the application to the underlying substantive controversy to find a basis for federal jurisdiction. *Id.* at 4-5. Instead "a court may look only to the application *actually submitted to it* in assessing its jurisdiction." *Id.* at 5 (emphasis added).

- 4 -

B

In her amended petition to vacate, Jennings alleges that this court has jurisdiction under 28 U.S.C. § 1331 because she "raises substantial federal questions under the following statutes": 15 U.S.C. § 1125(a), 15 U.S.C. § 1692 et seq, 18 U.S.C. § 1350, and 18 U.S.C. § 1028. Am. Pet. to Vacate (ECF No. 25) at 1-2. The court disagrees. In the amended petition itself, Jennings seeks to vacate the Award on the grounds that it was obtained by corruption, fraud, or other undue means; the arbitrator acted with evident partiality; the arbitrator engaged in misconduct or willful misbehavior; the arbitrator refused to hear evidence that was material to Jennings' claims; the arbitrator exceeded his powers; and a mutual and final award was not made. These claims are nearly identical to the ones Jennings asserted in her original petition. As the court explained in *Jennings I*, "[a]ll of these claims derive directly from § 10 of the FAA and therefore cannot establish an independent basis for jurisdiction under *Badgerow*." *Jennings I*, 2025 WL 1755671, at *2 (citing *Wheatfall v. HEB Grocery Co.*, 2025 WL 1703637, at *2 (5th Cir. June 18, 2025) (per curiam)).[3]

The federal statutes to which Jennings refers in her amended petition do not supply

---

[3]Jennings' amended petition also requests that the court vacate the Award on the ground that she was denied a meaningful opportunity to be heard, as required by due process. Although Jennings' original petition did not assert a due process violation, the allegations of a due process violation in her amended petition do not support an independent basis for jurisdiction. Section 10 of the FAA provides the exclusive grounds for vacatur of arbitration awards. *Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 353 (5th Cir. 2009). Accordingly, courts reviewing arbitration proceedings for alleged due process violations typically do so under the grounds laid out in § 10. *See, e.g.*, *Wells Fargo Bank Nat'l Ass'n v. Energy Prod. Co.*, 2020 WL 1493663, at *2-3 (N.D. Tex. Mar. 26, 2020) (Scholer, J.); *MSV Synergy, LLC v. Shapiro*, 2024 WL 4931868, at *7 (S.D.N.Y. Dec. 2, 2024).

an independent basis for jurisdiction. She asserts that these "federal violations were presented at arbitration and remain improperly unresolved." Am. Pet. to Vacate (ECF No. 25) at 5. But as Jennings recognizes, she presented these federal claims in arbitration. To find a federal claim satisfying § 1331, Jennings asks the court to do precisely what *Badgerow* forbids: look through the application to locate jurisdiction in an action not actually before the court. *Badgerow*, 596 U.S. at 4-5. Because the underlying federal questions in the claims submitted to arbitration cannot provide an independent basis for jurisdiction, the court grants Vandergriff's motion to dismiss. *See id.* at 5; *see also Wheatfall*, 2025 WL 1703637, at *2 ("After *Badgerow*, Courts may not 'look through' a Section 9 and 10 FAA action to establish federal question jurisdiction based on the underlying dispute.").

IV

In *Jennings I* the court explained that, "[i]f Jennings fails to replead, the court will dismiss this action without prejudice for lack of subject matter jurisdiction and, in turn, dismiss Vandergriff's alternative counterclaim without prejudice as moot." *Jennings I*, 2025 WL 1755671, at *3. Because the court is dismissing Jennings' action without prejudice for lack of subject matter jurisdiction, it likewise dismisses Vandergriff's alternative counterclaim without prejudice as moot.

V

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will

- 6 -

avoid dismissal." *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D.Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002)).  The court has already granted Jennings one opportunity to amend her petition.  Moreover, the amended petition is similar to the petition that Jennings filed before, both of which were dismissed on similar grounds.  Because the court has already permitted Jennings to amend once, and she is unable to cure the defects identified, the court denies Jennings leave to amend a second time.  *See, e.g.*, *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (concluding that district court did not abuse its discretion by denying leave to replead where court had already given plaintiffs one opportunity to do so).

\*   \*   \*

For the reasons explained, the court grants Vandergriff's motion to dismiss and dismisses Jennings' action without prejudice, dismisses Vandergriff's counterclaim, denies Jennings' request for leave to amend, and enters judgment in favor of Vandergriff by judgment filed today.

**SO ORDERED**.

September 5, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -